IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | COMPLAINT AND JURY |
| M.G.H. FAMILY HEALTH CENTER d/b/a MUSKEGON FAMILY CARE, | ) ) ) | TRIAL DEMAND |
| Defendant. | ) ) | |

NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 as amended and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Avis Lane. As alleged with greater particularity in paragraphs 12 and 13 below, the Equal Employment Opportunity Commission alleges that Defendant M.G.H. Family Health Center d/b/a Muskegon Family Care violated the Americans with Disabilities Act when it terminated Lane's employment on the basis of Lane's disability, including migraines, or because it regarded her as disabled.

JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.       The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Michigan, Southern Division.

## PARTIES

3.       Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.       At all relevant times, Defendant, M.G.H. Family Health Center d/b/a Muskegon Family Care (the "Employer"), has continuously been a Michigan corporation doing business in the State of Michigan and the City of Muskegon, and has continuously had at least 15 employees.

5.       At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C. §§ 12111(5), (7).

6.       At all relevant times, Defendant Employer has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

7.       More than thirty days prior to the institution of this lawsuit, Lane filed a charge with the Commission alleging violations of the ADA by Defendant Employer.

8.       On July 9, 2015, the Commission issued to Defendant Employer a Letter of Determination finding reasonable cause to believe it violated the ADA and inviting Defendant to

join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9. On August 4, 2015, the Commission issued to Defendant Employer a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

11. Lane is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8):

    a. Lane has an impairment, migraines, and, during the relevant time period of the alleged discrimination in this complaint, suffered from thoracic outlet syndrome, whiplash, and other effects stemming from a car accident, which substantially limit major life activities including her neurological function, sleep, and the ability to care for herself; or

    b. Defendant Employer regarded Lane as having a disability by subjecting her to an adverse employment action, termination, because of an actual or perceived impairment.

12. On or about October 15, 2013, Defendant Employer engaged in unlawful employment practices at its Muskegon location, in violation of Section 102(a) and (b) of Title I of the ADA, 42 U.S.C. § 12112(a) and (b), when it terminated Lane on the basis of disability or because it regarded her as disabled.

13. In September 2013, Defendant Employer conducted a post-offer physical examination of Lane. Afterward, Lane worked as Defendant Employer's outreach enrollment

coordinator for more than one month. On or about October 15, 2013, Defendant Employer terminated Lane after it learned that the third-party health examiner, who conducted the post-offer physical, had placed her on a medical hold until she passed a functional capacity evaluation. Prior to her termination, Lane offered to pay for a functional capacity examination and, at defendant's request, obtained a release to work from her personal medical provider.

14. The effect of the practices complained of in paragraphs 12 and 13 above has been to deprive Avis Lane of equal employment opportunities and otherwise adversely affect her status as an employee, because of her disability.

15. The unlawful employment practices complained of in paragraphs 12 and 13 above were intentional.

16. The unlawful employment practices complained of in paragraphs 12 and 13 above were done with malice or with reckless indifference to the federally protected rights of Avis Lane.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from firing employees based on disability.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

4

  C. Order Defendant Employer to make Lane whole providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

  D. Order Defendant Employer to make Lane whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 12 and 13 in amounts to be determined at trial.

  E. Order Defendant Employer to make Lane whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 12 and 13 above in amounts to be determined at trial.

  F. Order Defendant Employer to pay Lane punitive damages for its malicious and reckless conduct, as described in paragraphs 12 and 13 above, in amounts to be determined at trial.

  G. Grant such further relief as the Court deems necessary and proper in the public interest.

  H. Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

        EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION

        Respectfully submitted,

        s/ Laurie A. Young
        LAURIE A. YOUNG
        Regional Attorney

        s/ Kenneth Bird
        KENNETH BIRD
        Supervisory Trial Attorney

Dated: September 22, 2015               <u>s/ Miles Shultz</u>
                                        MILES SHULTZ (P73555)
                                        Trial Attorney

                                        EQUAL EMPLOYMENT
                                          OPPORTUNITY COMMISSION
                                        DETROIT FIELD OFFICE
                                        Patrick V. McNamara
                                        477 Michigan Avenue, Room 865
                                        Detroit, Michigan 48226
                                        Miles.Shultz@EEOC.GOV
                                        Tel. No. (313) 226-6217
                                        Fax No. (313) 226-6584