IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

      Plaintiff,

v.                          Case No. 1:15-cv-00952-PLM-PJG
                            Hon. Paul L. Maloney

M.G.H. FAMILY HEALTH CENTER d/b/a
MUSKEGON FAMILY CARE,

      Defendant.
_____/

| | |
|---|---|
| KENNETH BIRD | GERALD L. MAATMAN, JR. |
| OMAR WEAVER (P58861) | CHRISTOPHER CASCINO |
| MILES SHULTZ (P73555) | SEYFARTH SHAWL LLP |
| EQUAL EMPLOYMENT | Attorneys for Defendant |
|   OPPORTUNITY COMMISSION | 131 South Dearborn Street, Suite 2400 |
| Attorneys for Plaintiff | Chicago, IL 60603 |
| 477 Michigan Ave., Room 865 | (312) 460-5000 |
| Detroit, MI 48226 | GMaatman@Seyfarth.com |
| (313) 226-6217 | CCascino@Seyfarth.com |
| Miles.Shultz@EEOC.gov | |
| Omar.Weaver@EEOC.gov | |

_____/

**CONSENT DECREE**

Plaintiff, Equal Employment Opportunity Commission ("EEOC" or "Commission") brought this action against M.G.H. Family Health Center d/b/a Muskegon Family Care ("MFC" or "Defendant") under Title I of the Americans with Disabilities Act of 1990 as amended and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability. The Commission alleged that the Defendant violated the ADA when it fired Avis

Lane because it regarded her as disabled. The Court granted the Commission's motion for partial summary judgment regarding liability.

As a result of settlement discussions, the Commission and MFC have agreed that this action should be settled by entry of this Consent Decree ("Decree"). It is the intent of the parties that this Decree be a final and binding settlement in full disposition of the claims alleged in the Complaint filed by the Commission.

It is therefore the finding of this Court, made on the pleadings and record as a whole that: (1) the Court has jurisdiction over the parties and subject matter of this action; (2) the purpose and provisions of the ADA will be promoted and effectuated by the entry of this Consent Decree; and (3) this Consent Decree resolves all matter in controversy between the parties as provided below.

**NOW, THEREFORE, IT IS ORDRED, ADJUDGED AND DECREED**:

<u>**INJUNCTION**</u>

1. MFC, its officers, agents, employees, successors, assigns, and all persons acting in concert with it are permanently enjoined from firing an employee because of an actual or perceived disability.

2. MFC, its officers, agents, employees, successors, assigns, and all persons acting in concert with it are permanently enjoined from retaliating against any of its employees, former employees, or applicants for employment because the individual (a) has made a charge of discrimination or has opposed an unlawful employment practice under the ADA or any of the laws enforced by the EEOC or (b) has assisted or participated in any manner in an investigation, proceeding, or hearing under the ADA or any of the laws enforced by the EEOC.

<u>**TRAINING**</u>

3. MFC shall provide training to all of its managerial employees on unlawful employment practices under the ADA. This training shall include, but is not limited to, the ADA's prohibition against disability discrimination, to include regarded-as liability.

4. All training shall occur at least one time per year for each year this Decree is in effect. For the purpose of calculating a year, the year shall begin on the date this Decree goes into effect. The next year shall begin on that same date the following year. For example: if the Decree goes into effect on May 1, 2017, then Year 2 of Decree begins May 1, 2018.

5. Training for Year 1 of the Decree shall commence no later than six months after the Decree goes into effect.

6. The EEOC maintains the right to send a representative to attend and observe the trainings. In the event that the EEOC wishes to send a representative to attend and observe the trainings, the EEOC must provide (30) days notice.

## REPORTING

7. MFC shall submit the following to the EEOC no later than four weeks prior to the date any training session is scheduled to begin, for the EEOC to review:

    a. Name of entity providing the training;

    b. Date(s) and time(s) of training session(s);

    c. Location(s) of training session(s);

    d. A copy of all written material that the training session(s) will rely on or disseminate at the training session(s); and

    e. A detailed outline of all topics the training session(s) will cover.

8. No later than one month after the completion of each training session, MFC shall provide the EEOC with a certificate of completion or an affidavit asserting the completion of the training(s). The affidavits or certificates of completion shall include the following information:

    a. Date(s) and time(s) of training session(s);

    b. Full name and title of each person who attended the training session(s), and a current list of all managerial employees.

9. MFC will report all complaints of discrimination in its annual report.

## NOTICE AND POSTING

10. MFC shall post the Notice, attached as Exhibit A, in all of its locations in areas accessible and visible to all employees for the duration of this Decree.

11. MFC shall post the notice on its intranet site and shall post a physical notice in a conspicuously location where employee notices are typically displayed.

## OTHER RELIEF

12. MFC will review and modify, if necessary, all policies and practices to ensure a work environment free from disability discrimination and to allow employees to raise concerns or complaints without retaliation about matters, whether alleged, perceived or actual, made unlawful by the ADA. These written policies will include, at a minimum:

    a. A commitment to a workplace free of disability discrimination;

    b. Clear and complete definitions of disability discrimination;

    c. A clear and strong encouragement of persons who believe they have been discriminated against on the basis of disability to come forward;

    d. The identification of specific job titles, with their telephone numbers and e-mail address, to whom employees who have experienced disability discrimination or retaliation can report the alleged discrimination to, including a written statement that the employee may report the discrimination to designated persons outside their chain of management; and

    e. Assurances that MFC will investigate disability discrimination and retaliation allegations promptly, fairly, reasonably, and effectively by appropriate investigators and the appropriate corrective action will be taken by MFC to prohibit disability discrimination and retaliation.

13. MFC will maintain its previously created, a dedicated e-mail account for employees to submit discrimination complaints.

14. MFC's director of human resources will continue to be tasked with monitoring the e-mail account created in paragraph 13; this person shall be responsible for directing the investigation of all complaints of discrimination, and shall review all investigative findings.

15. MFC will require every employee in its human resources department to obtain 5 hours of equal employment opportunity specific training for each year of this consent decree.

16. MFC will conduct exit interviews of all employees leaving the company on whether the employee has any complaints of discrimination.

## CLAIMANT RELIEF

19. MFC shall pay a total of $16,500 in compensatory damages to Avis Lane. No part of this amount is back pay or back wages. MFC shall issue a 1099-MISC to Lane reflecting payment of this amount. MFC will not deduct any amounts from this payment.

20. MFC shall pay a total of $5,000, minus appropriate payroll deductions, in backpay to Avis Lane. MFC shall issue a W2 to Lane reflecting payment of this amount. MFC will not deduct from this amount the employer's share of taxes.

21. By April 15, 2017, MFC shall make payment to Lane by mailing a check to her home address, via certified mail, return receipt requested. Within ten

(10) days thereafter, MFC shall mail copies of the check and proof of service (certified mail return receipt) to:

> Regional Attorney
> c/o Trial Attorney Omar Weaver
> Equal Employment Opportunity Commission
> 477 Michigan Avenue, Room 865
> Detroit, MI 48226

## DURATION

22. Absent extension, this Decree shall remain in effect for 3 years from the date it is entered by the Court.

23. This Decree goes into effect on the date it is entered by the Court.

## DISPUTE RESOLUTION AND COMPLIANCE

24. The Court shall retain jurisdiction over this action for the duration of this Decree and shall have all equitable powers, including injunctive relief, to enforce this Decree. In the event the EEOC alleges that a violation of this Decree has occurred, the EEOC shall give notice in writing to MFC specifically identifying the alleged violation(s). MFC will have fourteen (14) days in which to investigate and respond to the allegation. If the parties are unable to resolve the allegation(s), the EEOC may petition the Court for relief. Upon motion of the EEOC, the Court may schedule a hearing for the purpose of reviewing compliance with this Decree. The Court may order such discovery as it deems necessary for purposes of determining compliance. Should the Court determine that Defendant has not complied, the Court may order appropriate relief, including, but not limited to,

extension of the Decree for the time necessary to remedy non-compliance, and attorney's fees and costs.

25. All reports and materials for EEOC review under this Decree shall be

    sent to: Regional Attorney
              c/o Trial Attorney Omar Weaver
              Equal Employment Opportunity Commission
              477 Michigan Avenue, Room 865
              Detroit, MI 48226

## MISCELLANEOUS PROVISIONS

26. Each party to this Decree shall bear its own attorney's fees and costs.

27. The terms of this Decree shall be binding on the present and future directors, officers, managers, agents, successors, and assigns of the Defendant.

28. Any modification of the Decree must be approved by the Court.

Respectfully submitted,

s/ Miles Shultz
KENNETH BIRD
MILES SHULTZ (P73555)
OMAR WEAVER
EQUAL EMPLOYMENT
 OPPORTUNITY COMMISSION
Attorneys for Plaintiff
477 Michigan Ave., Room 865
Detroit, MI 48226
(313) 226-6217
Miles.Shultz@EEOC.gov

/s *with permission* Gerald Maatman
GERALD L. MAATMAN, JR.
SEYFARTH SHAWL LLP
Attorney for Defendant
131 South Dearborn St., Suite 2400
Chicago, IL 60603
(312) 460-5000
GMaatman@Seyfarth.com

        IT IS SO ORDERED

Date: February 16, 2017                /s/   Paul L. Maloney
                                           United States District Judge

**EXHIBIT A**

**EMPLOYEE NOTICE**

**Posted Pursuant to an Agreement Resolving a Charge of Employment Discrimination filed with the**

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Detroit Field Office**

This Notice is being distributed and posted by agreement between Muskegon Family Care ("MFC") and the United States Equal Employment Opportunity Commission, resolving Civil Action No. 1:15-CV-00952 in the United States District Court for the Western District of Michigan.

The Court ruled that MFC violated the Americans with Disability Act of 1990 ("ADA") by discharging an employee on the basis of disability because MFC regarded her as disabled.

The agreement between the EEOC and MFC provided for relief in the form of injunctions against further discrimination, employee training, policy changes, and reporting to the EEOC. The agreement also provided $21,500 in monetary relief for the Charging Party.

Federal law prohibits discrimination against any employee, former employee, or job applicant because of the individual's sex, race, color, religion, national origin, disability, genetic information, or age. Specifically, Title VII requires that employers provide employees reasonable accommodations because of disability. Federal law also prohibits retaliation of any kind against any person who has opposed any practice made unlawful under federal law or because an individual has filed a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing, or because an employee has asserted rights under ADA, such as requesting a
reasonable accommodation.

MFC will comply with federal law in all respects and will not take any actions against employees because they have exercised their rights under the law. MFC agrees not to discriminate in employment, will conduct a training program on the requirements of the ADA, and will not retaliate against an individual who files a charge of discrimination.

If you have any complaints of discrimination, you may contact the EEOC at the address or telephone number given below. An employee has the right, and is encouraged to exercise that right, to report allegations of employment discrimination in the workplace. An employee may contact the U.S. Equal Employment Opportunity Commission for the purpose of filing a charge of employment discrimination.

Questions concerning this notice may be addressed to:

**Equal Employment Opportunity Commission**
**477 Michigan Ave., Room 865**
**Detroit, MI 48226**
**Telephone (313) 226-7638**
**EEOC 800 # 1-800-669-400**
**TTY (313) 226-7599**
